**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

|  |  |  |
|---|---|---|
| SHAWN ABERCROMBIE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. |
| | ) | |
| | ) | |
| MULTIMATIC INDIANA INC | ) | |
| STRUCTURES & SUSPENSION | ) | |
| d/b/a MULTIMATIC INDIANA - | ) | |
| BUTLER, and EXPRESS EMPLOYMENT | ) | |
| PROFESSIONALS, | ) | |
| | ) | |
| Defendant(s). | ) | |

## COMPLAINT

Comes now Plaintiff, by counsel, and alleges against the Defendant's as follows:

1. The Plaintiff is Shawn Abercrombie, a citizen of the Black/African American color and race, the Plaintiff was employed by the Defendant's at all material times to this Complaint.

2. The Defendants include Multimatic Indiana, Inc., d/b/a Structures & Suspension, d/b/a Multimatic Indiana Structures & Suspension ("Multimatic"), a company doing business at 201 RE Jones Road, Butler, IN 46721.  The Defendant's home office is located at 8688 Woobine Ave., Suite 200, Markham, ON Canada, L3R8B9.  Its registered agent is CT Corporation System, 334 North senate Ave., Indianapolis, IN  46204.

   At all material times of this Complaint, the Defendant was an "employer" for the purposes of 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 200e *et seq*. ("Title VII").

3. Also named as a Defendant is Express Employment International, d/b/a Professionals ("Express Employment"), a company doing business at 1100 West Seventh Street, Auburn, IN 46706, and with a home office located at 9701 Boardwalk Blvd., Oklahoma City, OK 73162.  At all material times of this Complaint, Defendant Express Employment and Defendant Multimatic duly employed the Plaintiff.  Defendant Express Employment was an "employer" for the purposes of 42 U.S.C. § 1981 and 42 U.S.C. § 200e *et seq.* ("Title VII").

4. The Plaintiff filed a Charge of Discrimination, EEOC No. 24D-2023-00165/EC-0057-A23, with the Fort Wayne Metropolitan Human Relations Commission on March 01, 2023, a copy of which is attached hereto, incorporated herein, and made a part hereof as Exhibit "A".  The EEOC issued a Determination and Notice of Rights/Notice of Right to Sue on March 20, 2023, a copy of which is attached hereto, and made a part hereof as Exhibit "B".  The Plaintiff also filed a Charge of Discrimination against Defendant Express Employment Professionals EEOC No. 24D-2023-00164/EC-0056-A23, a copy of which is attached hereto, incorporated herein, and made a part hereof as exhibit "C".  The EEOC issued a Determination and Notice of Rights/Notice of Suit Rights letter for this second charge on April 26, 2023, a copy of which is attached hereto, and made a part hereof as Exhibit "D".  All required administrative remedies have been exhausted, and all jurisdictional prerequisites have been met for the filing of this lawsuit.

5. The Plaintiff applied for job positions through the Indeed.com website.  He was eventually contacted by Defendant Express Employment and was offered a direct

2

hired position with the Defendant with Defendant Multimatic. The Plaintiff completed the necessary employment paperwork, and was told that he would be paid by at a rate of $21.47 per hour, along with a $.50 per hour shift differential, and that he would be hired as a direct employee of the Defendant Multimatic.

6. The Plaintiff was hired by the Defendants Express Employment and Multimatic on or about February 7, 2023, for a direct hire position with Multimatic.

7. Defendant Express Employment's representative told the Plaintiff that the company was waiting to assign the Plaintiff to the job position for which the Plaintiff had applied.

8. Meanwhile, by information and belief, similarly situated non-black/ non-African American employees that had been hired to work at Multimatic through Express Employment, were promptly assigned to positions to work in, at the same location at which the Plaintiff was waiting to begin work.

9. The Plaintiff reapplied directly for the position with Defendant Multimatic. The Plaintiff was then informed, by a representative of Defendant Express Employment and/or Defendant Multimatic, that he would be a direct hire, would be paid at the rate of $21.47 per hour, and that he would receive a $.50 per hour shift differential – just as he had previously been told.

10. The Plaintiff completed an interview with the Defendant Mutimatic, and a forklift test. He was then told he would be starting his new job on February 20, 2023.

11. The Plaintiff arrived at work to start working on February 20, 2023, as previously planned. Upon his arrival, the representative of Defendant Express Employment

3

and/or Defendant Multimatic, informed the Plaintiff that he was now not going to be paid the agreed amount. Instead, the representative said the rate of pay would only be $20.47 per hour, with a $.50 per hour shift differential. The Plaintiff was additionally was told that he would not initially be a direct hire with the Defendant Multimatic. Instead, he would first have to work 600 hours, before the Defendant Multimatic would hire him as a direct employee.

12. The Plaintiff contends that the Defendants, and each of them, changed and the terms of his employment and lowered his rate of pay, due to the Plaintiff's color/race (black/ African American). He further contends that similarly situated non-black/ non-African American employees that were hired by the Defendants, were paid at their promised rates of pay or better, and were hired initially as direct employees of Defendant Multimatic without the required 600 of initial work as non-direct employees through Defendant Express Employment.

13. The Plaintiff further contents that the Defendants and each of them discriminated against him on the basis of his color/race in violation of his rights under § 1981, and Title VII.

14. The discriminatory conduct of the Defendants, and each of them, was the direct and proximate cause of the Plaintiff suffering the loss of job-related benefits including pay, and additionally subjected the Plaintiff to inconvenience, emotional distress, and other damages and injuries.

15. The unlawful discriminatory conduct of the Defendants and each of them, was intentional, knowing, willful, and in reckless disregard of the Plaintiff's federally

4

protected rights under § 1981 and Title VII, justifying an imposition of punitive damages.

WHEREFORE, Plaintiff respectfully requests judgment against the Defendants and each of them, for compensatory damages, punitive damages, reasonable attorneys' fees and costs, and for all other just and proper relief in the premises.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,

**CHRISTOPHER C. MYERS & ASSOCIATES**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
Ilene M. Smith, #22818-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:    (260) 424-0600
Facsimile:    (260) 424-0712
E-mail:        cmyers@myers-law.com
                ismith@myers-law.com
Attorneys for Plaintiff

6/20/23
IMS/clj